UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DONNA YUK LAN LEONG (01), MAX JOHN SWORD (02), ROY KEIJI AMEMIYA JR. (03),<br><br>　　　　　Defendant. | CR. NO. 21-00142 LEK |

**ORDER DENYING DEFENDANT ROY KEIJI AMEMIYA, JR.'S MOTION TO STRIKE SURPLUSAGE, [FILED 4/18/23 (DKT. NO. 226)]**

　　　　On April 18, 2023, Defendant Roy Keiji Amemiya, Jr. ("Amemiya") filed the instant motion seeking to strike allegations in Count One of the First Superseding Indictment filed on March 17, 2022 against him by Plaintiff United States of America ("the Government").  See Amemiya's Motion to Strike Surplusage ("Motion to Strike"), filed 4/18/23 (dkt. no. 226). After reviewing Amemiya's Motion to Strike and the applicable case law, the Court determines that an opposition memorandum would not be helpful.  It elects to decide the motion without a hearing.  See Local Rule CrimLR12.2(a)(1).

　　　　For the reasons set forth below, the Motion to Strike is denied.

**BACKGROUND**

The events underlying the criminal prosecution in this matter arise from the employment separation of former Honolulu Police Department ("HPD") Chief of Police Louis Kealoha ("Kealoha") from HPD.  Specifically, the Government alleges: that Kealoha (who, when the agreement was reached, had been the target of a federal criminal investigation and, as a result, had been placed on administrative leave as the chief of police) agreed to retire from HPD in exchange for a payment in the amount of $250,000; and that the Honolulu Police Commission ("Police Commission") approved this payment in return for Kealoha's retirement, and for his waiver and release of any legal claims stemming from employment with or retirement from HPD.  See Indictment **First Superseding** ("Superseding Indictment"), filed 3/17/22 (dkt. no. 79), at ¶¶ 16-18.  Kealoha was subsequently indicted and convicted in United States v. Louis M. Kealoha, Cr. No. 17-00582(02) JMS-WRP, and United States v. Louis M. Kealoha, Cr. No. 18-00068(02) JMS-WRP.  At the time that the agreement was reached with Kealoha, Leong was the Corporation Counsel for the City and County of Honolulu ("City"), Sword was the Chairperson of the Police Commission, and Amemiya was the City's Managing Director.  [Superseding Indictment at ¶¶ 1-3.]

The Government alleges, among other things, that the defendants conspired: to induce HPD to use its budget to fund the $250,000 payment to Kealoha; [id. at ¶ 27;] to attempt to have HPD make misleading representations to the Honolulu City Council ("City Council") to obtain funding to replace the money paid from HPD's budget for the $250,000 payment to Kealoha; [id. at ¶ 28;] and to attempt to persuade HPD not to disclose to the City Council that the $250,000 payment in the third quarter was the reason for HPD's request for additional funding in the fourth quarter, [id. at ¶ 29].

On December 16, 2021, the Government filed the initial Indictment against the defendants. [Dkt. no. 1.] These defendants were charged with one count of conspiracy, in violation of 18 U.S.C. §§ 371, 666(a)(1)(A), and 1343; specifically, it was alleged that they conspired

> [t]o embezzle, steal, obtain by fraud and otherwise without authority . . . , in violation of Title 18, United States Code, Section 666(a)(1)(A); and, . . . [t]o devise and intend to devise, with the intent to defraud, . . . in violation of Title 18, United States Code, Section 1343.

[Indictment at pg. 9.]  Subsequently, on March 17, 2022, the Superseding Indictment was filed in which all the defendants were again charged with conspiracy, in violation of 18 U.S.C. §§ 371, 666(a)(1)(A), and 1343 (Count 1), and Leong was additionally charged with five counts of making false

3

statements, in violation of 18 U.S.C. § 1001(a)(2) (Counts 2-6). See Superseding Indictment at pgs. 8-19.  The Government alleges the manner and means of this conspiracy involve:

- attempting to materially omit and conceal the details of the payment to Kealoha from the City Council and the public;
- inducing HPD to fund the payment to Kealoha from salary funds allocated to the HPD budget in order to avoid obtaining approval from the City Council for the payment;
- making or attempting to have HPD make materially false and misleading representations or omissions to the City Council to obtain funds use for the payment to Kealoha;
- persuading or attempting to persuade HPD not to disclose to the City Council that the reason it was seeking additional funding for a salary shortfall was because HPD funds were used to make the payment to Kealoha;
- providing materially false and misleading statements to federal agents during the federal investigation of the payment to Kealoha;
- sending communications and transmissions by interstate wire to commit their scheme to defraud the City Council and the public; and

> -inducing HPD to use more than $250,000 in public funds for the payment to Kealoha.
>
> See id. at ¶¶ 26-32.
>
> **STANDARD**
>
> Federal Rule of Criminal Procedure 7(c) requires an indictment to be a "plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c). Under Rule 7(d), a defendant may move to strike surplusage from an indictment. Fed. R. Crim. P. 7(d). "The purpose of a motion to strike under [Rule] 7(d) is to protect a defendant against 'prejudicial or inflammatory allegations that are neither relevant nor material to the charges.'" United States v. Terrigno, 838 F.2d 371, 373 (9th Cir. 1988) (citing United States v. Ramirez, 710 F.2d 535, 544-45 (9th Cir. 1983)). It is within the court's discretion whether to strike surplusage from an indictment. United States v. Laurienti, 611 F.3d 530, 546-47 (9th Cir. 2010).

United States v. Kaneshiro, CRIMINAL NO. 22-00048 JMS-WRP, 2023 WL 2349594, at *2 (D. Hawai`i Mar. 3, 2023) (alterations in Kaneshiro).

**DISCUSSION**

Amemiya contends the allegations in paragraphs 30 and 33.bb of the Superseding Indictment should be stricken as surplusage because the conspiracy charged had ended before the statements alleged in these paragraphs could have taken place. See Motion to Strike at 1 & n.1.

Amemiya is charged with conspiring to violate two statutes: 18 U.S.C. §§ 666(a)(1)(A) and 1343. See Superseding

5

Indictment at ¶¶ 25.a, 25.b. The first statute prohibits an agent's wrongful taking of $5,000 or more from a program receiving federal funds, see § 666(a)(1)(A), and the second statute pertains to wire fraud, see § 1343. The Government alleges that the fraud involves the issuance of a payment drawn from the City's funds in the form of a check issued from a Bank of Hawai`i checking account in the amount of $160,000 that was: provided to Kealoha's attorney on January 27, 2017; deposited into Kealoha's Hawaii Central Federal Credit Union account on February 8, 2017; and honored by the Bank of Hawai`i from the City's funds on February 9, 2017. See Superseding Indictment at ¶¶ 19-22. The Government cannot maintain an implicit allegation that concealment of the conspiracy took place. See Lutwak v. United States, 344 U.S. 604, 616 (1953) ("This Court [has] . . . rejected the Government's contention that in every conspiracy there is implicit an agreement . . . for the conspirators to collaborate to conceal the conspiracy." (citing Krulewitch v. United States, 336 U.S. 440 (1949))). Thus, whether allegations about false statements are material and relevant turns on whether the Government made explicit allegations that the defendants attempted to conceal the conspiracy. It did.

The Government alleges that the defendants, as part of the conspiracy, "would and did attempt to materially omit and conceal . . . details of the Kealoha payout from the City

6

Council and the public." [Superseding Indictment at ¶ 26.] The alleged conspiracy could not, therefore, conclude with Kealoha's cashing of the City's check for the $160,000 payment. Although the payment to Kealoha was an objective of the conspiracy alleged by the Government, the alleged conspiracy also included concealing details about the payment to Kealoha, including alleged false statements to others (such as federal agents). The allegations that Amemiya seeks to strike as surplusage are material and relevant to the conspiracy offense charged against him, and therefore Amemiya's Motion to Strike Surplusage, filed April 18, 2023, is DENIED.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, April 28, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

USA V. DONNA YUK LAN LEONG, ET AL; CR 21-00142-03 LEK; ORDER DENYING ROY KEIJI AMEMIYA, JR.'S MOTION TO STRIKE SURPLUSAGE [FILED 4/18/23 (DKT. NO. 226)]