MERRICK B. GARLAND
Attorney General
RANDY S. GROSSMAN
United States Attorney
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI G. CHOPRA, CBN 272246
COLIN M. MCDONALD, CBN 286561
ANDREW Y. CHIANG, NYBN 4765012
Special Attorneys of the United States
880 Front Street, Room 6293
San Diego, CA 92101
619-546-8437/7951/8817/9144/8756
michael.wheat@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>DONNA YUK LAN LEONG (1),<br>ROY KEIJI AMEMIYA (3),<br><br>　　　　　　　　　Defendants. | CR No. 21-00142-LEK<br><br>UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT LEONG'S MOTION TO DISMISS FOR TENTH AMENDMENT AND DUE PROCESS VIOLATIONS AND SUBSTANTIVE JOINDER<br>[ECF 230, 244]<br><br>Date:　May 31, 2023<br>Time:　10:30 a.m.<br>Judge:　Hon. Leslie E. Kobayashi |

　　　The United States of America, through its counsel, hereby files its response in opposition to Defendant Donna Yuk Lan Leong's motion for dismissal based on the Tenth Amendment and Due Process violations, and the motion for substantive joinder filed by Defendant Roy Keiji Amemiya (collectively "Motions"). For the reasons discussed below, the Court should deny the Motions.

I

STATEMENT OF THE CASE

On March 17, 2022, a grand jury in the District of Hawaii returned a 19-page superseding indictment (FSI) charging defendants with one count of conspiracy to commit federal program theft and wire fraud, in violation of 18 U.S.C. §§ 371, 666(a)(1)(A), and 1343, and charging Leong with five counts of making a false statement, in violation of 18 U.S.C. § 1001(a)(2). *See generally* ECF No. 79.

On April 18, 2023, Leong filed a motion for dismissal of the indictment based on the Tenth Amendment and Due Process violations. *See* ECF No. 230.  On April 21, 2023, Amemiya filed a substantive joinder to Leong's motion. *See* ECF No. 244. A hearing on the Motions is scheduled for May 31, 2023. *See* ECF No. 250.

The charges in the superseding indictment arise from a $250,000 payout to Louis Kealoha, the former Chief of the Honolulu Police Department (HPD). *See* FSI at ¶¶ 15-23. The charges allege in part that Leong, as Corporation Counsel for the City and County of Honolulu ("City"), Sword, as Chair of the Honolulu Police Commission, and Amemiya, as the Managing Director for the City, knowingly engaged in a conspiracy to fraudulently obtain City funds from HPD's budget in order to secure Kealoha's payout without first obtaining the required City Council approval. *Id.* at ¶¶ 17, 26-32.

//

//

2

II

ARGUMENT

A.    THE TENTH AMENDMENT DOES NOT WARRANT DISMISSAL

Defendants move for dismissal based on the Tenth Amendment of the United States Constitution. That amendment states simply that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. Amend. X. Though not entirely clear, defendants appear to focus their arguments on challenging Count 1 of the indictment, charging them with conspiracy to commit federal program theft and wire fraud, in violation of 18 U.S.C. §§ 371, 666(a)(1)(A) and 1343.[1]

As an initial matter, defendants have not made a facial challenge to any of the violations alleged in Count 1 of the FSI. Defendants have not argued that 18 U.S.C. §§ 371, 666(a)(1)(A), or 1343 violate the Tenth Amendment. Nor could they. Courts have foreclosed such arguments. *See Sabri v. United States*, 541 U.S. 600, 605 (2004) (rejecting facial challenge to 18 U.S.C. § 666(a)(2) by stating that "[t]he power to keep a watchful eye on expenditures and on the reliability of those who use public money is bound up with congressional authority to spend in the first place."); *United States v. Jinian*, 725 F.3d 954, 968 (9th Cir. 2013) ("Furthermore, because 18 U.S.C. § 1343 is a valid exercise of powers delegated to Congress by the Commerce

---

[1] Defendants do not reference the violations of 18 U.S.C. § 1001(a)(2) (false statements) alleged in the FSI against Leong.

3

Clause, Jinian's Tenth Amendment challenge fails."); *United States v. Robinson*, 781 F.3d 453, fn. 5 (8th Cir. 2015) (rejecting Tenth Amendment challenge to 18 U.S.C. § 666(a)(1)(A) based on *Sabri*); *U.S. v. Rooney,* 37 F.3d 847, 851 (2d Cir. 1994) ("Section 666 was originally enacted in 1984 in response to several federal appellate decisions that held that state and local government officials and members of private organizations that distribute federal monies did not fall within the definition of a 'public official' subject to the provisions of the federal bribery statute . . . Thus, as is evident from the circumstances surrounding its adoption, § 666's manifest purpose is to safeguard finite federal resources from corruption and to police those with control of federal funds." (citations omitted)); *United States v. Bigler*, 907 F.Supp. 401, 402 (S.D. Fla. 1995) ("Article I, § 8 gives Congress the power to "provide for the ... general Welfare." This power, in conjunction with the necessary and proper clause, gives Congress the power to enact Section 666. In doing so, Congress did not violate the principle of federalism, nor did it violate the tenth amendment.").

Thus, this Court should deny defendants' Motions on this basis alone, because a Tenth Amendment challenge necessarily fails if the statutes at issue are a valid exercise of a power relegated to Congress, which they are in this case. *United States v. Jones*, 231 F.3d 508, 515 (9th Cir. 2000) ("We have held that if Congress acts under one of its enumerated powers, there can be no violation of the Tenth Amendment.").

Instead of making a facial challenge to the criminal statutes alleged in Count 1, defendants appear to argue that the violations in Count 1, as applied to them, under the specific facts of this case, violate notions of federalism espoused by the Tenth Amendment. To that end, they spend considerable time in their Motions articulating their theory of the case—in other words, maintaining their innocence, based on their own interpretation of select facts. And, boiled down, their argument is essentially that the matter concerning the payout to former Chief Kealoha was a local matter, best left to local city officials, and the United States (specifically, the federal prosecutors, *see* ECF No. 230 at 9 and ECF No. 244 at 2[2]) has no business alleging that a federal criminal violation occurred. Defendants' arguments are misplaced.

To begin, a federal grand jury found probable cause to indict the defendants on the charges in the FSI, not the prosecutors. That is, a duly empaneled federal grand jury in the District of Hawaii heard evidence and determined, based on that evidence, that there was probable cause to believe the defendants, in their official capacities, violated federal criminal statutes. The grand jury's decision to indict should not – and cannot – be disturbed through a motion to dismiss simply because the defendants believe the facts are different or insufficient to show their guilt. *See Kaley v. United States*, 571 U.S. 320, 328 (2014) ("This Court has often recognized the grand jury's singular role in finding the probable cause necessary to initiate a

---

[2]   The page numbers cited herein correspond to the numbers generated by PACER in blue at the top of each page of the defendants' briefs.

prosecution for a serious crime. An indictment fair upon its face, and returned by a properly constituted grand jury, we have explained, conclusively determines the existence of probable cause to believe the defendant perpetrated the offense alleged. And 'conclusively' has meant, case in and case out, just that. We have found no authority for looking into and revising the judgment of the grand jury upon the evidence, for the purpose of determining whether or not the finding was founded upon sufficient proof." (internal quotations and citations omitted)).

Moreover, defendants want this Court to supplant the jury's fact-finding role by asking the Court to determine facts in their favor at this stage of the case. They cite to various cases to support their contention that they are innocent, and that this Court should declare their innocence now. But *not one* of the many cases they cite establishes their legal innocence. Moreover, the cases only further highlight that defendants' arguments all stem from factual disputes with the United States' evidence. Such factual disputes should be decided by a jury, not by this Court in a motion to dismiss. *See United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986) (A motion to dismiss is generally "'capable of determination' before trial if it involves questions of law rather than fact.").

As an example, defendants cite *Kelly v. United States*, 140 S.Ct. 1565 (2020). In that case, which involved a conviction under 18 U.S.C. §§ 666(a)(1)(A) and 1343, the Supreme Court held that the realignment of a city's access lanes to a bridge and the time and labor expended by public authorities in connection with the defendants'

scheme did not involve the taking of property, and thus could not support their convictions. *Kelly*, 140 S.Ct. at 1566. Specifically, the Supreme Court found that the realignment of the access lanes was an exercise of regulatory authority that did not involve taking government property. *Id.* at 1567. In addition, the use of public employees to further the scheme in that case was only incidental to implementing the scheme and not an object of the scheme. *Id.* at 1572.

Defendants in this case urge the Court to find that, similar to *Kelly*, they were merely exercising their "charter-granted authority" and the $250,000 was not the object of the scheme, but only incidental to its implementation. Defendants' arguments lack merit. The $250,000 payout to former Chief Kealoha is central to the charged conspiracy. As detailed in the FSI, the payout and backdoor re-filling of the funds is at the center of the overt acts committed by the defendants – their desire to effectuate that payout led to all of the corrupt activities detailed in the FSI.[3] And, the $250,000, even under the defendants' interpretation that it was simply a severance payment that qualifies as salary or wages, *see* ECF No. 230 at 37, was taken from the public purse and constitutes property as required to support the

---

[3]  Defendants also appear to argue that the relatively minor price for paying off former Chief Kealoha in comparison to the Honolulu Police Department's whole budget for that fiscal year further proves that the payoff was only an implementation cost. *See* ECF No. 230 at 39. But they cite no authority for the proposition that just because a small amount of money was stolen from the public purse, that amount cannot constitute property for federal fraud statutes. If that were the case, individuals would be emboldened to steal small amounts of money from the public purse without fear of any criminal consequences. Certainly, that was not Congress's intent in enacting the statutes at issue here.

charges in the FSI. *See id.* ("…a scheme to usurp a public employee's paid time is one to take the government's property.").[4]

Defendants also cite several other cases, such as *McNally v. United States*, 483 U.S. 350 (1987), *McDonnell v. United States*, 579 U.S. 550 (2016), *Cleveland v. United States*, 531 U.S. 12, *Skilling v. United States*, 561 U.S. 358, among others, to support their argument that the prosecution in this case is a gross overreach by the federal government. But these cases did not involve the set of facts at issue here or a prosecution under 18 U.S.C. § 666(a)(1)(A), let alone a finding that a prosecution of this type violated the Tenth Amendment.

For all of these reasons, defendants' Tenth Amendment challenge should be denied.

B.   NO DUE PROCESS VIOLATION

Defendants also argue that the "federal fraud statutes" charged here violate due process on vagueness, novel construction, and rule of lenity grounds. *See* ECF No. 230 at 35.

There are "three related manifestations of the fair warning requirement": (1) the "vagueness doctrine" bars enforcement of a statute which either forbids or requires doing of an act in terms so vague that men of common intelligence must

---

[4]   Defendants cite *United States v. Yates,* 16 F. 4th 256, 266 (9th Cir. 2021) for the inaccurate position that salary and bonuses do not constitute property. *See* ECF No. 230 at 32. That is an incorrect reading of *Yates*, which concerned the salary-maintenance theory. That theory is not in play in this prosecution. Moreover, *Yates* was a prosecution under the bank fraud statute.

necessarily guess at its meaning and differ as to its application; (2) the "novel construction" concept bars courts from applying the novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope; and (3) the rule of lenity ensures fair warning by resolving ambiguity in criminal statutes so as to apply them only to conduct clearly covered. *See United States v. Lanier*, 520 U.S. 259, 266 (1997) (quotations and citations omitted). The rule of lenity demands that courts interpret criminal statutes in favor of defendants only when there is a "grievous ambiguity or uncertainty" in the statute. *United States v. Salahuddin*, 765 F.3d 329, 340 (3d Cir. 2014) (internal citation omitted).

A statute may be challenged for vagueness on either an "on its face" or "as applied" basis—the two are mutually exclusive. *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1346 (9th Cir. 1984). Facial challenges are extremely difficult and may be upheld "only if the enactment is impermissibly vague in all of its applications." *United States v. Westbrook*, 817 F.2d 529, 532 (9th Cir. 1987) (quoting *Hoffman Estates v. Flipside*, 455 U.S. 489, 494–95 (1982)). In contrast to a facial attack, an "as-applied challenge is one that 'tests' a statute's constitutionality in one particular fact situation while refusing to adjudicate the constitutionality of the law in other fact situations." *Hoye v. City of Oakland*, 653 F.3d 835, 854 (9th Cir. 2011) (citation and internal quotation marks omitted). "An as-applied challenge contends that the law is unconstitutional as applied to the litigant's particular speech activity, even

though the law may be capable of valid application to others." *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998). Vagueness challenges which do not involve First Amendment freedoms "must be evaluated as the statute is applied to the facts of [the] case." *Chapman v. United States*, 500 U.S. 453, 467 (1991); *see also United States v. Powell*, 423 U.S. 87, 92 (1975); *United States v. Mazurie*, 419 U.S. 544, 550 (1975).

The Supreme Court has held that simply because a case involves novel and complex facts, it does not automatically make that prosecution a violation of due process rights. *See Hope v. Pelzer*, 536 U.S. 730, 741 (2002) ("Our opinion in *Lanier* thus makes clear that officials can still be on notice that their conduct violates established law even in novel factual circumstances. Indeed, in *Lanier,* we expressly rejected a requirement that previous cases be "fundamentally similar." Although earlier cases involving "fundamentally similar" facts can provide especially strong support for a conclusion that the law is clearly established, they are not necessary to such a finding. The same is true of cases with "materially similar" facts."); *see also United States v. Nelson*, 712 F.3d 498, 508 (11th Cir. 2013) (stating the vagueness doctrine does not require a statute to define every factual situation that may arise). In addition, just because a federal prosecution may include the interpretation of state law, due process is not automatically violated. *See United States v. Iverson,* 162 F.3d 1015, 1021 (9th Cir.1998) (rejecting vagueness challenge under the Due Process Clause where federal statute incorporated state law); *United*

10

*States v. E.C. Investments, Inc.,* 77 F.3d 327, 329, 331–32 (9th Cir.1996) (rejecting notice challenge under Due Process Clause where federal statute incorporated state law).

In this case, defendants challenge their prosecution based on all three manifestations of the due process requirement. They argue that, under the facts of this case, they "could not have reasonably anticipated that taking the actions they did in the course and scope of their employment would ever be considered a federal felony[,]" especially given other "high-profile separation agreements" executed by the defendants that were not prosecuted by the federal government. ECF No. 230 at 35. They also argue the United States has imposed its own "novel" interpretation of local ordinances in such a way that could not have been imagined by the defendants, especially in light of Hawaii Supreme Court case *Harris v. DeSoto*, 80 Haw. 425, 911 P.2d 60 (Haw. 1996). ECF No. 230 at 36-41. Finally, they argue the "rule of lenity requires this Court to operate under the premise that City Council approval of the Agreement was not needed." *Id.* at 50.[5]

Arguments similar to the defendants' have been dismissed numerous times by prior courts in these types of cases. *See Salinas v. United States*, 522 U.S. 52, 52 (1997) (describing 18 U.S.C. § 666(a)(1)(B) as having "plain and unambiguous

---

[5] Amemiya additionally argues in his joinder that this prosecution impinges on his First Amendment rights. ECF No. 244 at 6-7. Amemiya has filed a separate motion to dismiss based on the First Amendment. ECF No. 231. The United States will respond to Amemiya's First Amendment arguments in a separate response to ECF No. 231.

meaning" and stating that "[a] statute can be unambiguous without addressing every interpretive theory offered by a party."); *United States v. Ng Lap Seng*, 934 F.3d 110, 138 (2d Cir. 2019) ("[C]ourts have uniformly rejected vagueness challenges to ... § 666."); *United States v. Hardin*, 874 F.3d 672, 677 (10th Cir. 2017) (rejecting as-applied vagueness challenge in prosecution under 18 U.S.C. § 666(a)(1)(B)); *United States v. Nelson*, 712 F.3d 498, 510 (11th Cir. 2013) (rejecting as-applied vagueness challenge in prosecution under 18 U.S.C. §§ 1341, 1346, and 666(a)(1)(B)); *United States v. Crozier*, 987 F.2d 893, 900 (2d Cir. 1993) (rejecting as-applied argument that 18 U.S.C. § 666(c) was unconstitutionally vague on basis that it contained a mens rea element that the jury was instructed on, along with other instructions that properly guided the jury); *United States v. Urlacher*, 979 F.2d 935 (2d Cir. 1992) (holding that "[t]he term 'intentionally misapply,' as it is used in § 666, is not unconstitutionally vague."); *United States v. Jensen*, 693 Fed. Appx. 801, 802-03 (rejecting as-applied vagueness challenge to 18 U.S.C. § 1343); *United States v. Baroni*, 2016 WL 3388302, at *3, fn. 3 (D. N.J. June 13, 2016) ("Dismissal is not warranted, however, merely because the Government has chosen to prosecute a novel set of facts under § 666(a)(1)(A)."); *United States v. Deen*, 2016 WL 900463, at *3 (W.D. La. Mar. 7, 2016) (finding that "men of common intelligence are not required to guess at [the] meaning" of § 666(a)(1)(A)); *United States v. Perry*, 2007 WL 655507, at *1-3 (E. D. Wa. Feb. 27, 2007) (rejecting due process, equal protection, and rule of lenity challenges to 18 U.S.C. § 666).

The case law is more than clear to reject defendants' due process challenges pre-trial. The offenses alleged in this case are not unconstitutionally vague, particularly where they require the United States to establish a culpable mens rea on the part of the defendants. *See Crozier*, 987 F.2d at 900. Thus, where, as here, a statute is not ambiguous, the rule of lenity is not applicable either. *See United States v. Pearson*, 321 F.3d 790, 791 (9th Cir. 2003) (holding that where a statute is unambiguous, leniency has no place).

Alternatively, the as-applied vagueness challenge may be reviewed post-trial. Courts that have decided as-applied vagueness challenges pre-trial have usually done so only when there are no additional factual inquiries that can inform the legal outcome of the challenge. *See e.g., United States v. Saathoff*, 708 F. Supp. 2d 1020 (S.D. Cal. 2010). That means courts usually decline to decide as-applied vagueness challenges pre-trial. *See United States v. Mazurie*, 419 U.S. 544, 550 (1975) (holding it "well established that vagueness challenges to statutes which do not involve First Amendment freedoms" require review of the factual record.); *United States v. Bychak*, 2021 WL 734371, at *10 (S.D. Cal. Feb. 25, 2021) ("Defendants have not identified a case where the Supreme Court itself has endorsed an 'as-applied to the indictment' challenge.")

And, here, defendants' Motions reflect several factual disputes that will certainly be borne out at trial. For instance, defendants question the impact of the federal target letter on their decision to issue the payout to former Chief Kealoha.

13

*See* ECF No. 230 at 35. In addition, defendants compare the payout to former Chief Kealoha to prior separation agreements between the City and County of Honolulu and other public officials. *Id.* Amemiya also questions his participation in the conspiracy. ECF No. 244 at 3-6. These may be facts for the jury to decide.

Defendants also cite *Harris v. DeSoto*, 80 Haw. 425, 911 P.2d 60 (Haw. 1996), for the proposition that the Supreme Court of Hawaii has decided their conduct was legal. *See* ECF No. 230 at 37-39. In *Harris*, the Hawaii Supreme Court considered a challenge by the mayor of Honolulu about whether an ordinance passed by the Honolulu city council that effectively vested exclusive power in council to settle claims in excess of $5,000, as well as suits for injunctive, declaratory, and extraordinary relief, was unlawful and void because it violated city charter and bound the mayor's office to settlements and contracts entered into by the city council. The Hawaii Supreme Court held that the ordinance was valid to the extent that it vested power in the city council to settle claims with city funds, since managing the city's purse was within the realm of city council's functions, but the ordinance was invalid to the extent that it vested power in city council to settle claims by means other than with city funds or through exercise of authority vested exclusively in other branches of city government by the city charter. Defendants rely on *Harris* for the proposition that because former Chief Kealoha's separation agreement was an employment matter (in their view), and not a matter of use or transfer of city funds or settlement of a lawsuit, city council did not have authority over the separation

14

agreement. As a result, defendants argue they did not have to seek city council approval for the payout.

But defendants' reliance on *Harris* only highlights more factual disputes, i.e. whether the payout to former Chief Kealoha was a separation agreement or a settlement, among other disputes. In any event, at a more basic level, *Harris* did not somehow give the conspirators a license to lie to other government officials in order to fund Kealoha's payout. And lies play a large role of the charged conspiracy. *See, e.g.,* FSI at ¶ 28 ("It was further part of the conspiracy that the conspirators would and did attempt to have HPD make materially false and misleading representations and omissions to the City Council in order to obtain the reallocation of funds from a later period to cover the funds spent by HPD for Kealoha's payout."). *Harris* therefore—both legally and factually—affirms there are factual issues that cannot be decided by this Court in a motion to dismiss. Rather, the jury must decide the factual issues in this case.

As such, because factual determinations made at trial may inform the Court's decision on whether the statutes at issue here are unconstitutionally vague as applied to the defendants, the court should, at a minimum, decline to decide this issue pre-trial. Instead, at the time of trial and after the prosecution rests, the defendants – if they so choose and if appropriate at that time – may seek a ruling from the court on the vagueness challenge pursuant to Federal Rule of Criminal Procedure 29(a). *See United States v. Purdy*, 264 F.3d 809, 811 (9th Cir. 2001).

III

CONCLUSION

For the reasons stated, the Court should deny the Motions.

Dated: May 9, 2023.                    Respectfully submitted,

                                             MERRICK B. GARLAND
                                             Attorney General
                                             RANDY S. GROSSMAN
                                             United States Attorney

                                             */s/ Janaki G. Chopra*
                                             MICHAEL G. WHEAT
                                             JOSEPH J.M. ORABONA
                                             JANAKI G. CHOPRA
                                             COLIN M. MCDONALD
                                             ANDREW Y. CHIANG
                                             Special Attorneys

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DONNA YUK LAN LEONG (1),<br>ROY KEIJI AMEMIYA (3),<br><br>　　　　　Defendants. | CR No. 21-00142-LEK<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, Janaki G. Chopra, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, CA 92101-8893. I am not a party to the above-entitled action. I have caused service of the foregoing on all parties in this case by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 9, 2023.　　　　　*/s/ Janaki G. Chopra*
　　　　　　　　　　　　　　　　　　JANAKI G. CHOPRA