MERRICK B. GARLAND
Attorney General
RANDY S. GROSSMAN
United States Attorney
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI G. CHOPRA, CBN 272246
COLIN M. MCDONALD, CBN 286561
ANDREW Y. CHIANG, NYBN 4765012
Special Attorneys of the United States
880 Front Street, Room 6293
San Diego, CA 92101
619-546-8437/7951/8817/9144/8756
michael.wheat@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR No. 21-00142-LEK |
|---|---|
| Plaintiff, | |
| v. | UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT ROY KEIJI AMEMIYA, JR.'S MOTION TO DISMISS UNDER THE FIRST AMENDMENT, ECF NO. 231 |
| DONNA YUK LAN LEONG (1), MAX JOHN SWORD (2), ROY KEIJI AMEMIYA, JR. (3), | |
| Defendants. | |

The First Amendment does not prohibit the United States from introducing a defendant's statements to prove the existence of a conspiracy and that defendant's membership in the conspiracy. *See Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993) ("The First Amendment . . . does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent."); *United States v. Donner*, 497 F.2d 184, 192 (7th Cir. 1974) ("[C]onstitutionally protected speech

may . . . be an overt act in a conspiracy charge."). Defendant Amemiya's effort to use the First Amendment as a shield against criminal liability should be rejected.

I

BACKGROUND

On March 17, 2022, a grand jury in the District of Hawaii returned a First Superseding Indictment (FSI) charging defendants Donna Leong, Max Sword, and Roy Amemiya, Jr. with conspiracy to commit federal program theft and wire fraud, in violation of 18 U.S.C. §§ 371, 666(a)(1)(A), and 1343. The FSI also charges Defendant Leong with making false statements in violation of 18 U.S.C. § 1001.

The conspiracy charge in the FSI arises from a $250,000 payout to Louis Kealoha, the former Chief of the Honolulu Police Department (HPD). *See generally* FSI at ¶¶ 15-23. The charge alleges that Leong, as Corporation Counsel for the City and County of Honolulu ("City"), Sword, as Chair of the Honolulu Police Commission, and Amemiya, as the Managing Director for the City, engaged in an effort to fraudulently obtain and convert City funds from HPD's budget in order to secure Kealoha's payout without first obtaining the required City Council approval. *Id.* at ¶¶ 17, 26-32. For instance, Defendant Leong suggested to HPD's then-Acting Chief "that HPD could avoid the need for City Council review by falsely claiming that HPD had used the money [to fund Kealoha's payout] to hire new employees and then later request additional funding from the City Council to make up the shortfall." *Id.* at ¶ 33(d). According to Sword, the payout needed to come from HPD so they

2

could avoid going "to the seven bananas, I mean nine bananas, up at the [City] Council." *Id.* at ¶ 33(i). Given the circumstances, City Council approval of such a beneficial payout to Louis Kealoha was doubtful. The FSI outlines in detail the conspirators' efforts, therefore, to fraudulently obtain and wrongfully convert HPD funds, behind the City Council's back, to cover the costs of Louis Kealoha's settlement payment.

Amemiya's role in the conspiracy is alleged in the FSI at various paragraphs, including paragraphs 33(l), 33(y), 33(z), and 33(aa). Specifically, Amemiya is alleged to have committed several overt acts, such as threatening an HPD official with "burning bridges" by not agreeing to the terms of Kealoha's payout and attempting to persuade an HPD official not to raise concerns about the payout before the City Council in order to avoid the payout from becoming a "story." *See* FSI at ¶¶ 33(l), 33(y).

The Court previously denied an earlier motion to dismiss filed by Amemiya that claimed the FSI failed to state a claim against him. ECF No. 93.

## II

## ARGUMENT

Title 18 U.S.C. § 371 makes it unlawful for two or more persons to commit offenses against the United States. A conviction under § 371 only requires one overt

act by one of the conspirators,[1] and it need not be criminal in nature. *Braverman v. United States*, 317 U.S. 49, 53 (1942) ("The overt act, without proof of which a charge of conspiracy cannot be submitted to the jury, may be that of only a single one of the conspirators and need not be itself a crime."); *United States v. Rodriguez*, 546 F.2d 302, 307 (9th Cir. 1976) ("It is obvious that a conspiracy can be furthered by overt acts, some of which may or may not be criminal in nature."); *Heskett v. United States*, 58 F.2d 897, 899 (9th Cir. 1932) ("But there is no rule of law which requires an overt act to be an unlawful act. It may be in itself a perfectly lawful act which becomes unlawful only when it is committed in pursuance of and to effect the object of the conspiracy. It was not necessary to allege in what manner the overt act would tend to effect the object of the conspiracy." (internal quotations omitted)).

Section 371 punishes the act of conspiracy "and does not implicate speech." *United States v. Rowlee*, 899 F.2d 1275, 1278 (2d Cir. 1990) ("The district court did not err in instructing the jury that a First Amendment defense was not applicable to the charge of violating [§ 371], which, the court said, punishes the act of conspiracy and does not implicate speech."). Speech, of course, plays a significant role in bringing about and proving any conspiracy. *Dennis v. United States*, 341 U.S. 494, 575 (1951) (J. Jackson, concurring) ("Communication is the essence of every conspiracy, for only by it can common purpose and concert of action be brought

---

[1] To convict under § 371, the United States is "not required to prove that [any specific] defendant personally did one of the overt acts." Ninth Circuit Model Jury Inst. 8.20 (bracketed language).

4

about or be proved."). Unsurprisingly, then, the First Amendment does not forbid the use of speech to prove a conspiracy. *Rowlee*, 899 F.2d at 1275 ("Appellants were convicted of the act of conspiracy, an act forbidden by section 371. Their conduct was not protected by the First Amendment merely because, in part, it may have involved the use of language."). And speech may be an overt act supporting a conspiracy charge. *Donner*, 497 F.2d at 192 ("[C]onstitutionally protected speech may . . . be an overt act in a conspiracy charge."). "The reason that an overt act can include even protected speech is that it is the agreement that is punishable in a conspiracy charge and not the overt act itself." *United States v. Al-Arian*, 308 F. Supp. 2d 1322, 1342 (M.D. Fla. 2004).

More broadly, the Supreme Court has also made clear that the First Amendment "does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent. Evidence of a defendant's previous declarations or statements is commonly admitted in criminal trials subject to evidentiary rules dealing with relevancy, reliability, and the like." *Mitchell*, 508 U.S. at 489.

Here, Amemiya argues that the "FSI targets speech and criminalizes statements entitled to protection under the First Amendment[.]" ECF No. 21. He is wrong. The FSI charges a conspiracy under § 371. Various statements of the defendants—Amemiya and otherwise—are included in the FSI to establish the existence of the charged conspiracy, the nature of the conspiracy, defendants'

5

agreement to participate in the conspiracy, and the defendants' intent. That does not run afoul of the First Amendment. *See Al-Arian*, 308 F. Supp. 2d at 1341-42 ("Instead, the overt acts section of the Indictment utilizes the speech of Defendants to show the existence of the conspiracies, the Defendants' agreement to participate in them, their level of participation or role in them, and the Defendants' criminal intent.").

Amemiya argues his words did not "create a clear and present danger of attempting or accomplishing the prohibited crime." ECF No. 231. But that is not the test for a § 371 charge, which punishes criminal conspiracies, not speech.[2] *Rowlee*, 899 F.2d at 1278. Otherwise, Amemiya attacks the United States' evidence, raising certain defenses and jury questions that must be addressed at trial. Amemiya relies on *United States v. Dahlstrom*, 713 F.2d 1423 (9th Cir. 1983), but that case turned on the insufficiency of the prosecution's evidence at trial to prove the charged offense. *See id.* at 1429 (the prosecution "failed to establish [at trial] that the [defendants] advocated a tax shelter program with the specific intent to violate [26

---

[2]    That "clear and present danger" language comes from *Dennis v. United States*, 341 U.S. 494, 505 (1951), a case that involved a "conspiracy to organize the Communist Party and to teach and advocate the overthrow of the Government of the United States by force and violence [which] created a 'clear and present danger' of an attempt to overthrow the Government by force and violence." *Id.* at 516–17. *Dennis* did not hold that statements of a defendant cannot be used to establish a defendant's involvement in a § 371 conspiracy. It did not even consider that question. Moreover, much later, in 1993, the Supreme Court made clear that the First Amendment "does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent." 508 U.S. at 489.

U.S.C. § 7206(2))." In this case, Amemiya may claim the evidence, including his knowledge of Hawai'i law, demonstrates he was not a member of the conspiracy. But a jury must decide whether the charged conspiracy existed and whether Amemiya "became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it." Ninth Circuit Model Jury Inst. 8.20; *see also United States v. Kaplan*, 836 F.3d 1199, 1212 (9th Cir. 2016) ("An agreement to commit a crime can be explicit or tacit, and can be proved by direct or circumstantial evidence, including inferences from circumstantial evidence."). In determining that question, the jury may properly consider the full scope of Amemiya's conduct—including his statements charged as overt acts in the FSI.

### III

### CONCLUSION

The Court should deny Amemiya's motion to dismiss under the First Amendment.

Dated: May 9, 2023.                          Respectfully submitted,

MERRICK B. GARLAND
Attorney General
RANDY S. GROSSMAN
United States Attorney

*/s/ Janaki G. Chopra*
MICHAEL G. WHEAT
JOSEPH J.M. ORABONA
JANAKI G. CHOPRA
COLIN M. MCDONALD
ANDREW Y. CHIANG
Special Attorneys

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DONNA YUK LAN LEONG (1),<br>MAX JOHN SWORD (2),<br>ROY KEIJI AMEMIYA, JR. (3),<br><br>　　　　　　Defendants. | CR No. 21-00142-LEK<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

　　I, Janaki G. Chopra, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, CA 92101-8893. I am not a party to the above-entitled action.  I have caused service of the foregoing on all parties in this case by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

　　I declare under penalty of perjury that the foregoing is true and correct.

　　Executed on May 9, 2023.　　　　　*/s/ Janaki G. Chopra*
　　　　　　　　　　　　　　　　　　　　　　JANAKI G. CHOPRA