ROBERT BRIAN BLACK                7659
Civil Beat Law Center for the Public Interest
700 Bishop Street, Suite 1701
Honolulu, Hawai`i  96813
brian@civilbeatlawcenter.org
Telephone:  (808) 531-4000
Facsimile:  (808) 380-3580

Attorney for Civil Beat Law Center
    for the Public Interest

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| IN RE:  CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST,<br><br>Movant. | MISC. NO. 22-438 LEK<br>[CR NO. 21-00142-LEK]<br><br>RENEWED MOTION TO UNSEAL COURT RECORDS |

## RENEWED MOTION TO UNSEAL COURT RECORDS

Pursuant to the Court's April 26, 2023 minute order [Dkt. 246], the Civil

Beat Law Center for the Public Interest (Law Center) renews its Motion to Unseal

Court Records, filed September 1, 2022 [Dkt. 163].[1]  On August 28, 2023, the

Court resolved the last of the motions that were the basis for the unopposed

deferral of a ruling on the motion to unseal.

What remains of this motion primarily concerns the crime-fraud proceedings

related to recordings by the Honolulu Police Department (HPD) of several

---

[1] "Dkt." refers to filings in *United States v. Leong*, No. 21-CR-142-LEK.

conversations with City & County of Honolulu (City) officials that HPD turned

over to the Federal Bureau of Investigation (FBI).  The issues briefed to the Court

before the deferral concerned:

- Whether the Court can reseal documents that have been unsealed and
  publicly available now for more than seven months, Dkt. 201 at
  PageID.1872-77 (Law Center memo); Dkt. 220 at PageID.2098-101
  (Law Center letter); Dkt. 239 at PageID.2630-31, 2639-42 (City letter);

- Whether the *Zolin* 1 filings that Judge Derrick K. Watson declared
  "non-privileged" may be redacted for attorney-client privilege, Dkt. 201
  at PageID.1878-79 (Law Center memo); Dkt. 220 at PageID.2102 (Law
  Center letter);

- Whether the City proved every element of attorney-client privilege for
  the information it seeks to redact, more specifically proven (a) a request
  for legal advice, (b) made in confidence, Dkt. 201 at PageID.1877-89
  (Law Center memo); Dkt. 202 at PageID.1902-04, 1910-11 (Gov't
  memo); Dkt. 220 at PageID.2101-02 (Law Center letter); Dkt. 239 at
  PageID.2611-20, 2625-30 (City letter);

- Whether the attorney-client privilege was waived for the relevant
  communications, Dkt. 186 at PageID.1769-74 (Gov't memo); Dkt. 198 at
  PageID.1850 (City letter); Dkt. 201 at PageID.1889-91 (Law Center

2

memo); Dkt. 202 at PageID.1904-10 (Gov't memo); Dkt. 220 at

PageID.2101 (Law Center letter); Dkt. 239 at PageID.2610-11, 2620-23

(City letter);

- Whether the City may assert the attorney-client privilege in this context, Dkt. 186 at PageID.1774-77 (Gov't memo); Dkt. 202 at PageID.1912-16 (Gov't memo); Dkt. 239 at PageID.2623-25 (City letter);

- Whether the City must redo privacy redactions that the City concedes did not follow this Court's express instructions in its February 8, 2023 Order [Dkt. 193], Dkt. 203 at PageID.1949-50 (Law Center memo); Dkt. 219 at PageID. 2094-95 (Law Center letter); Dkt. 239 at PageID.2631-32 (City letter); and

- Whether, as held by Judge Watson, the crime-fraud exception to attorney-client privilege applies to the recordings and related evidence at issue here, Dkt. 186 at PageID.1777-80 (Gov't memo); Dkt. 187 (Defendant Leong memo); Dkt. 198 at PageID.1850-51 (City letter); Dkt. 201 at PageID.1891-94 (Law Center memo); Dkt. 202 at PageID.1916-21 (Gov't memo); Dkt. 220 at PageID.2101 (Law Center letter); Dkt. 239 at PageID.2610-11, 2617-20 (City letter).

Based on the Court's recent orders on Defendants' substantive motions, that

last issue (crime-fraud) would appear to be dispositive of this motion to unseal.

The Court recognized—over the City's and Defendants' objections—that Judge Watson's crime-fraud order "remains valid."  Dkt. 332 at PageID.4585.  That recognition confirms that the attorney-client privilege does not protect the specific documents at issue in this motion.[2]

The Law Center respectfully requests that the Court unseal all the docket entries in 17-MJ-75, 17-CV-107, and 19-MJ-1, subject to limited redactions for privacy after the City applies the redactions in the manner expressly instructed by the Court's February 8, 2023 Order.

## I.    BACKGROUND

### A.    The Crime-Fraud Proceedings at Issue

In a recent order, this Court summarized the proceedings at issue.  Dkt. 332 at PageID.4576-78.  Presented with HPD's recordings of meetings with, among others, the City's Corporation Counsel Defendant Leong, the FBI sought a judicial determination whether it could use those recordings in a criminal investigation.  In the first proceeding (17-MJ-75), the Government asked for a determination that the recordings were not privileged or fell within the crime-fraud exception.  Judge

---

[2] Neither Judge Watson's crime-fraud order nor the pending motion to unseal concern the trove of e-mails that the Government obtained by search warrant and that the City challenged in a separate proceeding.  Extension of the crime-fraud exception to those documents would require further proof of a relationship between those attorney-client communications and the crime or fraud.  *E.g.*, *United States v. Chen*, 99 F.3d 1495, 1503 (9th Cir. 1996).  That issue and those documents are not before the Court on this motion to unseal.

Kenneth J. Mansfield questioned whether the court had jurisdiction to make that determination.  The Government then appealed the issue to Judge Watson in the second proceeding (17-CV-107).  After *Zolin* step 1 and step 2 briefing, Judge Watson ultimately determined that certain documents were not privileged and that others fell within the crime-fraud exception.  Relying on Judge Watson's crime-fraud order and other evidence, sixteen months later, the Government then sought a search warrant for e-mails of Defendant Leong and others in the third proceeding (19-MJ-1).

In a separate proceeding (19-CV-26)—that is not the subject of the present motion to unseal—the City moved to stop the Government from reviewing the e-mails obtained through the search warrant based on attorney-client privilege concerns.  The Government argued that the crime-fraud exception applied to specific documents obtained through the search warrant—but which are not at issue for this motion to unseal.  Judge J. Michael Seabright raised some questions about Judge Watson's crime-fraud order, but those questions were not resolved because the Government abandoned the search warrant, returning the documents it obtained.

## B.     The Motion to Unseal Proceedings

The Law Center moved to unseal the dockets and filings in the three proceedings concerning the HPD recordings (17-MJ-75, 17-CV-107, and 19-MJ-1)

and one document in 19-CV-26.  Dkt. 163 at PageID.1425.  The Government did

not oppose the motion.  Dkt. 171 at PageID.1481.  Defendants jointly responded,

expressing no objection to unsealing the dockets, but raising a concern about the

City's potential assertion of attorney-client privilege.  Dkt. 174 at PageID.1499.

The City did not oppose unsealing the dockets or the one document in 19-CV-26,

but noted that it had not had the opportunity to review filings in the three

proceedings.  Dkt. 177 at PageID.1525.  After an initial hearing on October 21,

2022, the Court granted the unopposed requests to unseal the dockets and to unseal

the one document and provided the City an opportunity to conduct a privilege

review on the filings in the three proceedings.  Dkt. 183 at 1740-41.

　　　The City submitted a log with objections to unsealing specific portions of

documents based on claims of attorney-client privilege and privacy.  Dkt. 185 at

PageID.1750-59.  The Government objected.  Dkt. 186.  Defendant Leong

supported the City's claims of attorney-client privilege.  Dkt. 187.  And the Law

Center identified documents that were not contested, objected to the privacy

assertions, and challenged the sufficiency of the City's privilege log.  Dkt. 188.

On February 8, 2023, the Court ordered the uncontested documents unsealed,

required the City to provide a more detailed privilege log, instructed the City to

prepare redacted versions, and permitted narrow redactions for privacy ("redact the

individuals' names, with the exception of the individuals' respective first, last, and,

if applicable, middle initials").  Dkt. 193; *see also* Dkt. 197 (unsealing an additional uncontested document).

On February 21, the City submitted a more detailed revised log and circulated proposed redacted versions of the documents.  Dkt. 198.  The Law Center objected to the City's privilege claims and the proposed redactions.[3]  Dkt. 201, 203.  The Government objected to the City's privilege claims.  Dkt. 202.  On March 23, the Government, Law Center, and City met and conferred on the outstanding objections; during which conference, the City withdrew some of its proposed privilege redactions.[4]  Dkt. 216 at PageID.2069-70.  The Law Center outlined the outstanding issues concerning privacy, Dkt. 219, and privilege, Dkt. 220, after the meet and confer.  On April 19, the City responded to the Government's and the Law Center's arguments regarding privilege and privacy. Dkt. 239.

On April 25, Defendants jointly filed an unopposed motion to defer resolution of the motion to unseal until dispositive motions addressing similar privilege issues were resolved.  Dkt. 245.  The Court granted the motion to defer

---

[3] The Law Center attached an appendix that linked the file names for each of the City's proposed redactions to a specific case and docket number.  Dkt. 201 at PageID.1896-97.

[4] The Government attached the most up-to-date privilege log to its submission after the meet-and-confer, highlighting entries that the City had withdrawn from its claims of privilege.  Dkt. 216 at PageID.2074-87.

7

and deemed the motion to unseal withdrawn without prejudice to refiling after a decision on the substantive motions.  Dkt. 246 at PageID.2749.

### C.    The Court's Resolution of the Substantive Motions

Relevant to the issues raised in the motion to unseal, Defendants filed or joined motions that challenged whether the conduct alleged in the indictment constituted a crime and that challenged the validity of the crime-fraud order entered by Judge Watson.  Dkt. 230, 235, 238, 242, 243, 244, 281.  These are the same issues that the City raised in response to the motion to unseal (and when challenging the search warrant for City e-mails).  Dkt. 177 at PageID.1526-27; Dkt. 180-2 at PageID.1572-82; Dkt 185 at PageID.1746-47; Dkt. 198 at PageID.1850-51; Dkt. 239 at PageID.2610-11, 2617-20.

Defendants argued that their conduct seeking to avoid City Council review for the $250,000 payout to former HPD Chief Louis Kealoha was not a crime because Council approval was not required.  *E.g.*, Dkt. 331 at PageID.4547.  This Court held that the indictment alleged a crime because Council approval was unambiguously required.  *Id.* at PageID.4568-69 ("the City Council, as keeper of the City's purse, had to approve the settlement of claims in the Kealoha Agreement.").  A jury will decide Defendants' state of mind.  *Id.* at PageID.4571.

Defendants also argued that the Government engaged in prosecutorial misconduct by using Judge Watson's crime-fraud order during its investigation,

8

despite questions that Judge Seabright had subsequently raised about the order. *E.g.*, Dkt. 332 at PageID.4580-81.  This Court held that Judge Watson's crime-fraud order "remains valid" and that the Government could rely "on any information obtained pursuant to the Crime-Fraud Order."  *Id.* at PageID.4585. The only privilege issues left open concerned documents not covered by the crime-fraud order.  *Id.* at PageID.4587-88.

## II.   ARGUMENT

As summarized in the introduction, the City, the Law Center, and the Government extensively briefed the issues raised by the motion to unseal.  The deferral provided Defendants and the Government to thoroughly address the same issues, and disposition of Defendants' motions resolves disputes regarding attorney-client privilege for the HPD recordings and related records at issue here.

The crime-fraud exception cuts through all of the City's privilege claims. This Court has now confirmed that it would be a crime for City officials to intentionally conspire to avoid City Council approval of the $250,000 payment to Louis Kealoha, rejecting the premise of the City's challenge to Judge Watson's crime-fraud order before Judge Seabright.  And the City has never claimed that the HPD recordings and related records at issue here—made in the midst of the effort to avoid City Council approval—were not related to or in furtherance of the alleged crime.  *See* Dkt. 201 at PageID.1891-94 & n.8.  Based on the Court's

9

holdings, the crime-fraud exception applies to the documents that are the subject of the pending motion to unseal.

Even if the Court's resolution of Defendants' motions were not dispositive, the documents cannot remain sealed or redacted for all the reasons previously briefed and summarized above.

## CONCLUSION

The Law Center respectfully requests that the Court unseal all the docket entries in 17-MJ-75, 17-CV-107, and 19-MJ-1, subject to limited redactions for privacy after the City applies the redactions in the manner expressly instructed by the Court's February 8, 2023 Order.

DATED:  Honolulu, Hawai`i, October 10, 2023

/s/ Robert Brian Black
ROBERT BRIAN BLACK
Attorney for Civil Beat Law Center
  for the Public Interest

10