# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CRIMINAL NO. 21-00142 LEK |
| CASE NAME: | USA v Donna Yuk Lan Leong et al., |
| JUDGE: Leslie E. Kobayashi | DATE: 01/24/2024 |

COURT ACTION:  EO: COURT ORDER REGARDING CIVIL CASE NUMBER 17-00107 DKW-KJM, DOCKET NUMBERS 21 AND 28

  On December 22, 2023, this Court issued the Order Granting Civil Beat Law Center for the Public Interest's Renewed Motion to Unseal Court Records ("12/22/23 Order"). [Dkt. no. 355.] Pursuant to the 12/22/23 Order, Civil Beat Law Center for the Public Interest, now known as Public First Law Center ("Civil Beat"), and the City and County of Honolulu ("the City") filed a joint statement on January 9, 2024. [Dkt. no. 356.] The joint statement identified the documents that could be unsealed without redactions for privacy, *i.e.* the category 1 documents. [Id. at 1.] Also on January 9, 2024, Civil Beat transmitted redacted versions of the documents that required redactions for privacy, *i.e.* the category 2 documents.

  Two of the filings identified as category 1 documents were docket numbers 21 and 28 of In re Applicability of Attorney-Client Privilege & Crime-Fraud Exception to Certain Audio Recordings, CV 17-00107 DKW-KJM ("CV 17-107"). [Joint Statement at 1.] The Clerk's Office initially unsealed docket numbers 21 and 28, but provisionally re-sealed them after Civil Beat's counsel informed the Clerk's Office of an issue.

  On January 23, 2023, the City and Civil Beat submitted a joint letter to address the issue ("1/23 Letter"). [Dkt. no. 360.] The City and Civil Beat state that they did not include CV 17-107, docket numbers 21 and 28 among the category 2 documents because they believed those filings contained only signature pages, based on the description of those filings in the docket sheet. [Id. at 1-2.] The City and Civil Beat state that docket numbers 21 and 28 were not included in the documents that Plaintiff United States of America ("the Government") provided to the City, and those documents are not in the City's possession. [Id. at 1.]

  At the outset, this Court notes that it is concerned because this is the second instance that has come to this Court's attention where the Government failed to provide documents to the City. See Minute Order - EO: Court Order Granting in Part Civil Beat Law Center for the Public Interest's Motion to Unseal Court Records, filed 10/21/22 (dkt. no. 183), at PageID.1741 (directing the Government "to provide copies of the sealed filings to the City's counsel by October 25, 2022" (emphasis omitted)); see also Minute Order - EO: Court Order Directing Civil Beat Law Center for the Public Interest, the City

and County of Honolulu, and Plaintiff United States of America to Meet and Confer, filed 1/22/24 (dkt. no. 359) (noting that the Government failed to provide the City with docket number 3 of <u>In re the Search of Computer Servers Maintained by the City & Cnty. of Honolulu</u>, MJ 19-00001 KJM).

      Although this Court does not condone the Government's failure to comply with this Court's order, it is not necessary to deal with the Government's noncompliance at this time because the City and Civil Beat have been able to review CV 17-107, docket numbers 21 and 28, and the City and Civil Beat have come to an agreement. They agree that there is good cause for CV 17-107, docket numbers 21 and 28 to remain sealed because those filings are substantively identical to CV 17-107, docket numbers 20 and 26. <u>See</u> 1/23 Letter at 2. Further, redacted versions of docket numbers 20 and 26 were publicly filed on January 17, 2024. [CV 17-107, dkt. nos. 41, 43.] This Court therefore finds that, under the circumstances of this case, there is good cause for CV 17-107, docket numbers 21 and 28 to remain filed under seal. <u>See</u> <u>Kamakana v. City & Cnty. of Honolulu</u>, 447 F.3d 1172, 1180 (9th Cir. 2006).

      IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager